IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-03441- REB-MJW

HOWARD E. JACOBSEN,

Plaintiff,

v.

THE BANK OF DENVER, a Colorado Corporation; and
INTANDEM HUMAN RESOURCES, LLC,

Defendants.

## STIPULATED PROTECTIVE ORDER ( Docket No. 26-1 )

Each Party and each Counsel of Record stipulate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined):

1. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public as containing: **medical records, third-party personnel information, and financial information regarding TBOD and/or any third parties.**

2. All medical records will be treated by the Parties as confidential without the need to designate them as confidential.

3. Where Confidential Information is discussed or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

1

    a.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    b.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.    All Confidential Information produced to a Party in response to a release for medical records or provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

5.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

6.    It is understood and agreed by the Parties that the Confidential Information may be discussed with and between healthcare providers, the Parties, counsel for the Parties, and with any experts retained for purposes of this litigation.

7.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8.  During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

9.  If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

10. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under ~~seal~~ [Restricted Access]" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under ~~seal~~ [Restricted Access]. Any motion requesting leave to file documents under ~~seal~~ [Restricted Access] shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*,

[handwritten: MJW 3-30-15]

767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of This Case.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

MJW 3-30-15

13. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately destroy all Confidential Information and all extracts, abstracts, charts, summaries, notes or copies made therefrom in their possession.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 30TH day of MARCH, 2015

BY THE COURT:

/s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| DANA N. MUMEY, ESQ. | GORDON &REES LLP |
| */s/ Dana N. Mumey, esq.* | */s/ Laurie J. Rust* |
| Dana N. Mumey<br>20374 E. 49th Avenue<br>Denver, Colorado 80249<br>**Attorney for Plaintiff** | Laurie J. Rust<br>John M. Palmeri<br>555 17th St., Ste. 3400<br>Denver, CO 80202<br>**Attorneys for Defendant** |

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO    )
                     ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in Jacobsen v. The Bank of Denver and InTandem Human Resources, LLC, a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (___)_____

1

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires:_____