IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03441-REB-MJW

HOWARD E. JACOBSEN,

Plaintiff,

v.

THE BANK OF DENVER,

Defendant.

## REPORT & RECOMMENDATION ON
## THE BANK OF DENVER'S PARTIAL MOTION TO DISMISS (Docket No. 24)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Howard Jacobsen was fired by the Bank of Denver in April 2011.  In this lawsuit, Jacobsen alleges the Bank of Denver violated federal employment laws in various ways; the Bank of Denver has moved to dismiss portions of the Complaint that it contends were not administratively exhausted or are time-barred.  District Judge Robert E. Blackburn referred the motion to the undersigned.  (Docket Nos. 1, 24, & 25.)

The Court has reviewed the parties' filings (Docket Nos. 25, 31, & 35), taken judicial notice of the court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following report and recommendation.

### Background

The Complaint alleges that Jacobsen worked as a Vice President (at first) and Senior Vice President (more recently) at the Bank of Denver from 1979 to 2011.  (Docket No. 1, p.1.)  By 2011, he was 63 years old and the oldest loan officer.  (*Id.* ¶ 9.)

2

In 2009, the Bank of Denver reduced Jacobsen's hours and pay—based on what Jacobsen alleges to be false pretenses.  (*Id.* ¶ 11.)  In December 2010 and January 2011, Jacobsen underwent hand surgery for Dupuytren's contracture, a disease that inhibits the use of fine motor skills in Jacobsen's hands.  (*Id.* ¶ 12.)  The Bank of Denver accommodated Jacobsen's request for clerical support (to help with typing and the like), but neither discussed nor offered leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for Jacobsen's surgeries or rehabilitation therapy. (*Id.*)  In March 2011, the Bank of Denver put Jacobsen on a month of compulsory medical leave; Jacobsen was fired before the month was up.  (*Id.* ¶¶ 13–19.)

Relatedly, at undisclosed times, Jacobsen took time off to help care for an elderly father in Chicago; the Bank of Denver never offered FMLA leave to Jacobsen for this purpose.  (*Id.* ¶ 21.)

The Complaint presses four claims for relief:

1.    The Bank of Denver fired Jacobsen due to his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*;

2.    The Bank of Denver fired Jacobsen because it regarded him as disabled, in violation of the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 *et seq.*;

3.    The Bank of Denver fired Jacobsen because he was disabled, in violation of the ADAAA; and

4.    The Bank of Denver interfered with Jacobsen's rights under FMLA.

The Bank of Denver moves to dismiss the second and third claims for relief (ADA-based claims for wrongful termination) for failure to exhaust administrative remedies, and to dismiss the fourth claim for relief as time-barred.

3

## Discussion

As stated by Judge Blackburn:

> Defendant's motion to dismiss raises issues under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. Because defendant's motion presents a facial attack, I must accept the allegations of the complaint as true.  Plaintiff bears the burden of establishing that subject matter jurisdiction exists.
>
> In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's task is to determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  For many years, courts followed the axiom that dismissal is only appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*.  Pursuant to the dictates of *Twombly,* I now review the complaint to determine whether it contains enough facts to state a claim to relief that is plausible on its face.

*Wolfe v. US Bank Nat'l Ass'n*, Case No. 11-cv-03111-REB-KLM, 2012 WL 1604659, at

*1–2 (D. Colo. May 8, 2012) (most internal citations and quotation marks omitted).

## I.    Administrative Exhaustion

In order to bring a claim under the ADA, a plaintiff must exhaust administrative

remedies before the EEOC.  *Shikles v. Sprint/United Management Co.,* 426 F.3d 1304,

1308–09 (10th Cir. 2005).  Because exhaustion is a jurisdictional prerequisite to suit, not

merely a condition precedent to suit, *McBride v. CITGO Petroleum Corp.,* 281 F.3d

1099, 1105 (10th Cir. 2002), the court lacks jurisdiction over unexhausted claims.

Nevertheless, a plaintiff may bring claims that are encompassed by the Charge of

Discrimination presented to the EEOC and "the scope of the administrative investigation

Case 1:14-cv-03441-REB-MJW   Document 36   Filed 05/04/15   USDC Colorado   Page 4 of 8


4

that can reasonably be expected to follow" therefrom.  *MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1274 (10th Cir. 2005).

The EEOC served a formal Charge of Discrimination (EEOC Form 5) on Bank of Denver in November 2011.  The form stated the following in its narrative section:

I.  I have been employed by the above name employer since August 6, 1979 as a Senior Vice President.  On April 12, 2011, I was terminated by my employer and retaliated against because of my age, gender, and my disability.

II.  I believe that I have been discriminated and retaliated against due to my disability within the meaning of the ADAAA in violation of the Americans with Disabilities Act of 1990, as amended, and because of my age (64) in violation of the [ADEA], and because of my gender and religion in violation of Title VII of the Civil Rights Act of 1964, as amended in as much as:

a)  I was hired as a Vice President of The Bank of Denver in 1979, since then I have not experienced any disciplinary actions, and I performed my job duties satisfactorily.

b)  Over the past 32 years, I have been subjected to verbal harassment and intimidation by the Chairman of the Board, Gene Rock.

c)  Since December 2010, I was denied a reasonable accommodation by not being offered FMLA related to my disability by the Chairman of board and the Bank president.

d)  Since October 2010, I was not offered FMLA to care for my father who is 90 years of age on a intermit bases. [sic]

e)  I was not allowed to attend church meetings in which I am a board member, on regular bases.  I feel that this is discrimination based on my religion.

f)  I was discharged on April 12, 2011, and replaced by a younger employee because of my age.

5

(Docket No. 24-1.)  On the copy provided to the Court, it appears that when signing the charge Mr. Jacobsen scratched out paragraph II.e., and wrote "see attached" next to it; no attachment has been provided to the Court.

According to the Bank of Denver, this Charge puts an ADA failure-to-accommodate claim at issue, but does not place any ADA wrongful-disability claim at issue.  Jacobsen does not squarely address this argument in responding to the motion; Jacobsen (correctly) argues that the charge presents an ADA claim, but Jacobsen never addresses the distinction between different types of ADA claims.  Each theory of relief must be separately exhausted.  "'Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."'"  *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (in Title VII context, quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)); *see also Bankston v. Antlers Hilton Hotel*, Case No. 11-cv-01018-WYD-CBS, 2011 WL 6153024, at *3 (D. Colo. Nov. 3, 2011) (applying *Morgan* to ADA claim and distinguishing between failure-to-accommodate claims and termination claims).  The Charge clearly limits Jacobsen's disability claim to a failure to offer FMLA coverage; it makes no other allegations as to Jacobsen's disability, and it ties his termination claim to nothing except his age.  The "administrative investigation that can reasonably be expected to follow" from this Charge would not include investigation of any termination based upon disability.

6

Relatedly, Jacobsen argues that the allegations contained in the EEOC Intake Questionnaire he filled out ought to be considered along with the formal EEOC charge. Jacobsen's argument is contrary to the Court's precedent.  *See Haithcox v. GEO Grp., Inc.*, Case No. 07-cv-00160-REB-MEH, 2008 WL 2302649, at *3-4 (D. Colo. May 30, 2008) (citing *Novitsky v. American Consulting Engineers, L.L.C.,* 196 F.3d 699, 702 (7th Cir. 1999), for the proposition that the intake questionnaire is not to be considered). Further, the intake questionnaire does little to advance Jacobsen's argument, as it also fails to allege any connection between Jacobsen's disability and his termination.

The Court thus recommends that the Bank of Denver's motion be granted as to claims two and three.

## II.   FMLA Time-Bar

Although an affirmative defense, the statute of limitations can be raised on a motion to dismiss if the complaint itself plainly establishes the defense. *ASARCO, LLC v. Union Pac. R.,* 765 F.3d 999, 1004 (9th Cir. 2014); *Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1311 n. 3 (10th Cir. 1999), overruled on other grounds by *Nat'R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period").

Jacobsen concedes that his FMLA claim was filed outside any applicable limitations period, but argues that the limitations period should be equitably tolled because he waited for the EEOC charges—which were bound up with his FMLA

claims—to be administratively resolved.  This theory has been rejected by federal courts

in analogous circumstances:

> Plaintiff states that she filed an FMLA complaint with the Department of
> Labor "in or around April 2008," but this action is immaterial.
> Administrative remedies where a plaintiff is not required to exhaust her
> administrative remedies before bringing an action before a court do not toll
> the statute of limitations.  The FMLA provides for direct relief without
> requiring plaintiffs to exhaust other forms of relief.  The statute of
> limitations therefore had run by the time Plaintiff brought her complaint on
> August 2, 2010, more than three years after her termination. Plaintiff is
> thus time barred from pursuing her FMLA claims, and her claims are
> dismissed with prejudice.

*Sponcey v. Banner-Churchill Hosp.*, 2012 WL 2575345, at *7 (D. Nev. July 2, 2012)

(citing *Conley v. Int'l Broth. of Elec. Workers, Local 639,* 810 F.2d 913, 915 (9th Cir.

1987)) (internal citations and footnote callout omitted); *accord Harris v. O'Malley*, 2015

WL 996557, at *5 (D. Md. Mar. 4, 2015) (in Rehabilitation Act context, holding that

"[b]ecause Harris was not required to pursue her EEOC Charge before filing this suit,

the statute of limitations was not tolled."); *Adams v. District of Columbia*, 740 F.Supp.2d

173, 182 (D. D.C. 2010) (in Rehabilitation Act context, holding that "[a] limitations period

does not toll when a plaintiff is not required but chooses to exhaust his administrative

remedies before pursuing a claim in court."); *Carter v. District of Columbia*, 14

F.Supp.2d 97, 102 (D. D.C. 1998) ("[B]ecause a Section 1981 claim is 'separate from

and independent of' Title VII, the statute of limitations on a Section 1981 . . . claim is not

tolled by the pendency of administrative action on a Title VII claim.").

   The Court thus recommends that the Bank of Denver's motion be granted as to

claim four.

8

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that the Bank of Denver's Partial Motion to Dismiss (Docket No. 24) be GRANTED and that Plaintiff's Second, Third, and Fourth claims for relief be DISMISSED.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      May 4, 2015                       */s/ Michael J. Watanabe*
            Denver, Colorado                  Michael J. Watanabe
                                              United States Magistrate Judge